WHITE et al., Appellants,

v.

SUMMIT COUNTY et al., Appellees.

[Cite as *White v. Summit Cty.* (2000), 138 Ohio App.3d 116.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19793.

Decided June 7, 2000.

*Nancy Grim,* for appellants.

*Michael T. Callahan,* Summit County Prosecuting Attorney, and *Allyson Miller–Leonard,* Assistant Prosecuting Attorney, for appellees.

QUILLIN, Judge.

Appellants-plaintiffs William White, Marsha Pukas, John Eldridge, Shirley Kosar, Gregory Markovich, Kathleen Peters, and Sylvia Scruggs–DeJournett appeal from a decision of the Summit County Court of Common Pleas that affirmed an administrative appeal concerning the abolishment of their county jobs. Because the case was not decided by the assigned judge, we reverse.

On May 1, 1998, appellants filed an administrative appeal in the Summit County Court of Common Pleas, contesting April 8 and 10, 1998 decisions by the Summit County Human Resource Commission that denied appeals related either to the abolishment of appellants' county positions or to the layoff of various appellants. The administrative appeal was assigned to a Summit County Court of Common Pleas judge. For at least the next ten months, this judge proceeded to rule on various procedural issues related to the case. On August 31, 1999, however, a judgment entry was journalized in the case that bore the name of a visiting judge. This entry affirmed the decisions of the Summit County Human Resource Commission.

Appellants filed a timely appeal to this court on September 30, 1999, raising seven assignments of error. Because the first assignment of error is dispositive of this appeal, we discuss only it.

## Assignment of Error No. I

"The court below erred in transferring the case to another judge without a journal entry stating a permissible reason for transfer."

In their first assignment of error, appellants argue that the judge who authored the August 31, 1999 judgment entry was not the assigned judge, resulting in a voidable order that must be vacated. We agree.

 All parties agree that there is no justification in the record for the visiting judge to decide the case.[1] The Eighth District has explained that, absent an entry indicating proper transfer, "the judge assuming to act has no authority and his rulings are voidable on timely objection by any party." *Berger v. Berger* (1981), 3 Ohio App.3d 125, 130, 3 OBR 141, 147, 443 N.E.2d 1375, 1381. This is so because "transfers violate governing procedural rules if the record does not show they have been made by the proper authority and with a proper reason." *Id.*

---

1. Summit County Local Rule 7.11 provides that "[t]he Administrative Judge may reassign any case in furtherance of justice or to facilitate the orderly and efficient disposition of cases pending before the Court. Upon reassignment of any case, the Clerk shall enter the name of the reassigned judge upon the jacket and trial docket of the case." Further, Summit County Local Rule 7.15 provides that "[n]o judgments or orders of any nature shall be made in a case except by a judge, to whom the case has been assigned, or the Administrative Judge."

This is not to say, however, that a deficient transfer always mandates reversal. Rather, as *Berger* explained:

"[A]ny party objecting to reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before action is taken. If the party first learns about the transfer after action is taken by the new judge, the party waives any objection to the transfer by failing to raise that issue within a reasonable time thereafter. The definition of a reasonable time may well be controlled by time limits for motions for rehearing, reconsideration, or a new trial." *Id.* at 131, 3 OBR at 147–148, 443 N.E.2d at 1382.

We adopted *Berger* in *Abood v. Nemer* (June 28, 1995), Summit App. No. 16877, unreported, 1995 WL 404958. Appellee attempts to distinguish the *Berger/Abood* rationale from the instant case, arguing (1) that appellants failed to make a required demonstration of bad faith, fraud, or an improper reason related to the transfer, and (2) that appellants waived the ability to complain of the alleged error. We find both arguments unpersuasive.

First, appellee misreads *Berger.* Contrary to appellee's interpretation, *Berger* does *not* stand for the proposition that a party must make "an affirmative showing of bad faith or fraud in an assignment" or demonstrate that there was no proper reason for the assignment. Rather, *Berger* requires only that such a showing be made if the party wishes to assert a due process issue. *Berger, supra,* at 130, 3 OBR at 147, 443 N.E.2d at 1381. The failure to adhere to the governing procedural rules remains a viable and distinct source of complaint. *Id.*

Second, appellee's argument that appellants failed to preserve the error for appeal is unconvincing. Appellee argues that, because the appellants did not file a timely Civ.R. 60(B) motion upon first learning of the improper transfer, they did not meet the requirement under *Berger* that an objection to a procedural irregularity must be raised when a party first learns of the error in order to be preserved. We do not agree.

Although this court has previously ruled that the failure to timely object to the authority of a trial judge to preside over a case can waive the ability to later raise the issue of an improper reassignment on appeal, *Abood,* the reasoning of *Abood* is not dispositive here. In *Abood,* the reassignment occurred prior to trial, but the appellants proceeded to trial without raising the issue of an improper transfer until after an adverse jury verdict was returned against them. In the instant case, it is agreed that appellants did not know of the transfer until *after* the August 31, 1999 judgment entry was journalized. Appellants then filed a notice of appeal on September 30, 1999, within the permissible period for a timely

appeal. See App.R. 4(A). Appellee cites no authority that a Civ.R. 60(B) motion is the exclusive or even preferred avenue of relief. Nor has appellee addressed the statement of the Supreme Court of Ohio that an appeal constitutes an adequate remedy at law by which an appellant may contest the issue of an improper assignment. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 51–52, 451 N.E.2d 225, 227–228. See, also, *In re Robbins* (Oct. 3, 1985), Cuyahoga App. No. 49542, unreported, 1985 WL 8096 (holding that a break in the continuity of legal representation allowed an appellant to raise objection to transfer for the first time in an appeal). Rather, appellee relies upon the requirement that a party must object to an apparent improper transfer within a reasonable time following court action. Appellants satisfied this requirement. *Berger* explained that what constitutes "a reasonable time may well be controlled by time limits for motions for rehearing, reconsideration, or a new trial." *Berger, supra,* at 131, 3 OBR at 148, 443 N.E.2d at 1382. If such a Civ.R. 60(B) motion had been made or denied after the time for appeal had expired, appellants would have run the risk of having their appeal dismissed as untimely. *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268, 1269 (holding that a Civ.R. 60[B] motion will not be allowed as a substitution for a failure to appeal). Therefore, under the facts of this case, an acceptable avenue toward a remedy was by timely appeal.

Accordingly, the first assignment of error is well taken. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

SLABY, P.J., and WHITMORE, J., concur.

DANIEL B. QUILLIN, J., retired, of the Ninth District Court of Appeals, was sitting by assignment pursuant to Section 6(C), Article IV, Constitution.