This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, William White, Marsha Pukas, John Eldridge, Shirley Kosar, Gregory Markovich, Kathleen Peters, and Sylvia Scruggs-DeJournett, appeal from a decision of the Summit County Court of Common Pleas, which affirmed an administrative appeal concerning the abolishment of their county jobs. We reverse and remand for further proceedings consistent with this opinion.
 I.
{¶ 2} This appeal concerns the abolishment of various jobs of non-bargaining unit employees of the Summit County Department of Human Services during 1997. The first phase of the job abolishments was effective January 31, 1997, and resulted in the termination of Appellants White and Pukas. The second phase, implemented on April 18, 1997, abolished the jobs of Appellants Kosar, Eldridge, Peters, Markovich and Scruggs-DeJournatt.
{¶ 3} Each of the appellants filed appeals to the Summit County Human Resource Commission ("HRC"), and the cases were consolidated for hearings. Numerous hearings were held, and the hearing officer ultimately recommended that the HRC reverse the abolishment of Kosar, Eldridge and Peters' positions; the officer recommended that the HRC affirm the abolishment of the remaining appellants' positions. The HRC rejected the officer's recommendation in reference to the positions of Kosar, Eldrige and Peters, and affirmed the recommendations as to the other appellants, resulting in the affirmance of the original decision to abolish all of the appellants' positions.
{¶ 4} On May 1, 1998, Appellants filed an administrative appeal in the Summit County Court of Common Pleas pursuant to R.C. 2506.01 et seq. On August 31, 1999, the court affirmed the decisions of the HRC, and the appellants appealed to this Court. We reversed because the matter had not been decided by the assigned judge; instead, the case had been transferred to a visiting judge without an appropriate journal entry. SeeWhite v. Summit Cty. (2000), 138 Ohio App.3d 116, 117. Upon remand, the court issued a new decision that affirmed the HRC decisions.
{¶ 5} This appeal followed. Appellants raise four assignments of error for review. We address them in a different order than presented for ease of discussion.
 II. Assignment of Error No. 2 "THE COURT OF COMMON PLEAS FAILED TO APPLY THE CORRECT STANDARD FOR REVIEW OF THE EVIDENCE."
{¶ 6} In their second assignment of error, Appellants assert that the court of common pleas applied the incorrect standard of review in determining their administrative appeal. We agree.
{¶ 7} Appellants appealed the decisions of the HRC to the court of common pleas pursuant to R.C. 2506.01. In a R.C. Chapter 2506 appeal, the court is generally limited to the transcript of all the original papers, testimony, and evidence offered, heard, and taken by the administrative agency; however, the court may hear additional evidence under certain circumstances. R.C. 2506.03; R.C. 2506.02. The common pleas court then "considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147.
{¶ 8} In this case, the court admitted supplemental evidence pursuant to R.C. 2506.03(A)(5) because the agency failed to file conclusions of fact supporting its final orders. In its judgment entry, the court quoted Henley for the appropriate standard of review. However, the court then stated that it would "determine whether the supplemental evidence, in relationship to the agency's ruling, supports or defeats the conclusions and ruling made by [the HRC] at the administrative level." The court explained this by stating, "[i]n other words, does the supplemental evidence, as considered by this Court when applied to the administrative ruling, establish that the agency's findings and conclusions were supported by a preponderance of substantial, reliable and probative evidence. This Court must also determine whether the supplemental evidence renders the ruling unconstitutional, illegal, arbitrary, capricious or unreasonable."
{¶ 9} In addressing the merits of Appellants' claim that the decision to abolish the jobs was not supported by a preponderance of the evidence and was done in bad faith, the court cited Bispeck v. Bd. ofCommrs. of Trumbull Cty. (1988), 37 Ohio St.3d 26, for the proposition that "if there is `some evidence' to support the abolishment of the jobs for reasons of efficiency and economy, the Summit County HRC's decision must be affirmed." Bispeck was an appeal of a denial of a writ of mandamus. Bispeck was not an administrative appeal, and it therefore contains a standard different from that which the court must use in an administrative appeal.
{¶ 10} The court concluded the judgment entry by stating, "Based upon a review of the whole record, including any supplemental evidence, there is reliable, probative, and substantial evidence to affirm the decision of the Summit County HRC to abolish appellants' jobs." As previously noted, in a R.C. Chapter 2506 appeal, the common pleas court must determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by thepreponderance of substantial, reliable, and probative evidence. A determination that an agency decision is supported by reliable, probative, and substantial evidence does not meet this standard; the decision must be supported by a preponderance of such evidence.
{¶ 11} Based upon the foregoing, we find that the court of common pleas utilized the incorrect standard of review in reaching its decision; therefore, its judgment is erroneous as a matter of law, and its judgment may not stand. See Copley Twp. Bd. of Trustees v. Lorenzetti (2001),146 Ohio App.3d 450, 454.
{¶ 12} Appellants' second assignment of error is sustained. We reverse the decision of the common pleas court, which affirmed the administrative appeal, and remand for the court to consider the appeal using the appropriate standard of review.
 Assignment of Error No. 1 "WITH RESPECT TO EACH APPELLANT, THE COURT ERRED IN FAILING TO FIND THE ABOLISHMENT INVALID AS A MATTER OF LAW FOR FAILURE TO COMPLY WITH PREREQUISITES REQUIRED BY HRC RULES."
 Assignment of Error No. 3 "THE COURT ERRED AS A MATTER OF LAW IN THAT THE DECISIONS TO ABOLISH THE POSITIONS OF APPELLANTS WERE NOT SUPPORTED BY A PREPONDERANCE OF EVIDENCE THAT THE ACTION WAS NECESSARY AND JUSTIFIED BY ECONOMY AND EFFICIENCY."
 Assignment of Error No. 4 "THE COURT ERRED A MATTER OF LAW IN THAT A PREPONDERANCE OF THE EVIDENCE SHOWED THAT THE DECISIONS WERE MADE IN BAD FAITH."
{¶ 13} Our disposition of the second assignment of error renders the remaining assignments of error moot. Therefore, we decline to address them. See App.R. 12(A)(1)(c).
 III.
{¶ 14} Appellants' second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
SLABY, P.J. and CARR, J. CONCUR.