OPINION
{¶ 1} Appellant Keith L. Yun appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which denied his motion to vacate a prior domestic violence civil protection order ("CPO"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 31, 2000, Appellee Dayna Yun filed a petition for a domestic violence CPO pursuant to R.C. 3113.31, alleging that appellant, her spouse, had engaged in the use of physical force, verbal abuse, and destruction of property. Attached to her petition were copies of two police reports filed with the Canton Police Department on March 28, 2000 and March 30, 2000. A magistrate granted a temporary CPO ex parte on March 31, 2000. A full hearing on the petition was conducted on April 11, 2000. The magistrate's decision indicates that Attorney Angela Stone appeared on said date for appellant. However, the magistrate also found that appellant had been served on April 3, 2000 and failed to appear. The magistrate granted the CPO for a five-year period per a written magistrate's decision, which the trial court judge approved and adopted on April 11, 2000.
 {¶ 3} On April 18, 2000, Attorney Douglas Bond entered an appearance on behalf of appellant and filed an objection to the aforesaid decision of the magistrate. However, appellant, via Attorney Bond, withdrew the objection pursuant to a motion filed May 19, 2000, prior to any hearing.
 {¶ 4} On September 25, 2002, appellant filed a pro se "Motion to Vacate Order, and Declare Order Void," in reference to the CPO issuance of April 11, 2000. On September 26, 2002, the trial court issued a judgment entry denying the motion. On October 28, 2002, appellant filed a notice of appeal, and herein raises the following fourteen Assignments of Error:
 {¶ 5} "I. Appellee gave false information to disrupt process of service.
 {¶ 6} "II. Process of service was insufficient to put appellant on proper notice of appearance at hearing for civil orders.
 {¶ 7} "III. Appellee swore false statements which were material to the relief granted even though not requested rendering orders void ab initio.
 {¶ 8} "IV. Trial court abused it's (SIC) discretion by making a parenting determination without requisite findings under RC 3113.31 and the UCCJA.
 {¶ 9} "V. Trial court abused it's (SIC) discretion by granting protective orders without jurisdiction to modify existing orders.
 {¶ 10} "VI. Trial court abused it's (SIC) discretion by ruling appellant failed to respond then ruling ex parte.
 {¶ 11} "VII. Trial court abused it's (SIC) discretion by not conducting a full hearing before granting the civil protection order violating appellant's rights to due process of law.
 {¶ 12} "VIII. Trial court abused it's (SIC) discretion when denying appellant's request for a continuance without good cause.
 {¶ 13} "IX. Trial court abused it's (SIC) discretion by granting ex parte and civil protection order without sufficient evidence to grant orders.
 {¶ 14} "X. Trial court abused it's (SIC) discretion by granting relief not requested without proper basis to support relief.
 {¶ 15} "XI. Appellant was denied effective assistance of counsel by the court and through appellant's counsel.
 {¶ 16} "XII. Appellee's counsel did not disclose information material to the case thereby violating appellant's rights.
 {¶ 17} "XIII. The trial court abused it's (SIC) discretion through the magistrate violating appellant's rights as such:
"A) Allowing the magistrate to enter the orders without judicial review.
"B) The magistrate rendered a decision without holding any hearing.
"C) The trial court did not record the proceedings on April 11, 2000 violating CIV.R. 53(D)(2).
"D) The trial court adopted magistrates order ultimately as the decision, effectively the permanent order without basis to do so.
 {¶ 18} "XIV. Trial court abused it's (SIC) discretion allowing a judge other than assigned judge sign the final orders without a proper journal entry."
 I., II. {¶ 19} In his First and Second Assignments of Error, appellant contends that service of process for the original CPO proceeding was flawed and/or insufficient. From this we glean appellant's apparent argument that the trial court erred in not finding the CPO void ab initio.
 {¶ 20} R.C. 3113.31(D)(2)(a) reads in pertinent part as follows:
 {¶ 21} "If the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. If any other type of protection order that is authorized under division (E) of this section is issued by the court after an ex parte hearing, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. * * *."
 {¶ 22} We initially note the trial court file contains proof that service of the ex parte CPO, including a notice of hearing for the full CPO on April 11, 2000, was effectuated on appellant by the Stark County Sheriff on April 3, 2000. Nonetheless, an appellate court need not consider an error which was not brought to the trial court's attention.Restivo v. Fifth Third Bank of Northwestern Ohio, N.A. (1996),113 Ohio App.3d 516, 521. Appellant, in his motion to vacate, merely ascribed his non-appearance on April 11, 2000 to " * * * a miscommunication between counsel and defendant the morning of the hearing in question * * *." We further note that appellant in said motion also claimed a violation of the seven-day notice provision of Civ.R. 6(D). However, this is not supported by the record; furthermore, Civ.R. 6(D) notice requirements pertaining to notice of hearing may be waived. SeeLincoln v. Lincoln (July 1, 1999), Cuyahoga App. No. 74265. Appellant ostensibly could have pursued a Civ.R. 6(B) argument as part of his objection to the magistrate's decision, but did not do so.
 {¶ 23} Accordingly, we decline to further address the notice issues presently raised by appellant. His First and Second Assignments of Error are overruled.
 III. {¶ 24} In his Third Assignment of Error, appellant contends the CPO should have been rendered void ab initio based on allegedly false statements made by appellee in her original petition and/or during the 2000 proceedings. We disagree.
 {¶ 25} Civ.R. 60(B) reads in pertinent part as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 26} "(1) mistake, inadvertence, surprise or excusable neglect;
 {¶ 27} "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 {¶ 28} "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
" * * * "
 {¶ 29} Appellant's reliance on appellee's alleged false statements as grounds for vacating the CPO would have fallen under Civ.R. 60(B)(3). In order to prevail on a motion brought pursuant to Civ.R. 60(B), the movant must demonstrate, inter alia, that the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken. See Argo Plastic Products Co. v.Cleveland (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 30} A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122. Appellant waited over two years after the CPO before filing his motion to vacate. Notwithstanding his failure to articulate clear 60(B)(3) grounds in said motion, we hold that his present argument is without merit pursuant to Argo, supra.
 {¶ 31} Appellant's Third Assignment of Error is overruled.
 IV., V. {¶ 32} In his Fourth and Fifth Assignments of Error, appellant raises, for the first time, an allegation that the trial court disregarded the Uniform Child Custody Jurisdiction Act ("UCCJA") in granting the CPO. Because this argument potentially entails the topic of subject matter jurisdiction, we will separately analyze these two assigned errors.
 {¶ 33} Appellant essentially posits that appellee's UCCJA affidavit was fraudulent, and that the trial court failed to comply with UCCJA requirements. Cf. R.C. 3109.27. However, our review on appeal is limited to those materials in the record which were before the trial court. In re McClain, Licking App. No. 01CA92, 2002-Ohio-2467, citingState v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. Although appellant makes vague reference in his brief to "previous orders" from the State of Virginia, no documentation of same was provided to the trial court for review in appellant's motion to vacate. Accordingly, we find no demonstration by appellant of prejudicial error warranting reversal. App.R. 12.
 {¶ 34} Appellant's Fourth and Fifth Assignments of Error are overruled.
 VI., VII., VIII., IX., X., XII., XIII. {¶ 35} In his Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Assignments of Error, appellant raises certain alleged procedural and/or evidentiary issues concerning the April 2000 grant of the CPO. However, R.C. 3113.31(G) provides that a domestic violence full hearing civil protection order is a final appealable order. Martin v.Fisher (April 12, 2001), 2001 Cuyahoga App. No. 78993. Appellant failed to timely appeal the judgment entry granting the CPO, and none of the aforesaid assigned errors are legitimately targeted toward the actual judgment entry under appeal, i.e., the September 26, 2002 denial of his motion to vacate.
 {¶ 36} Accordingly, appellant's Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Assignments of Error are overruled.
 XI. {¶ 37} In his Eleventh Assignment of Error, appellant contends he was denied the effective assistance of counsel.
 {¶ 38} A complaint of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case where the attorney was employed by a civil litigant. Roth v. Roth
(1989), 65 Ohio App.3d 768, 776, 585 N.E.2d 482. In addition, we again note appellant acted pro se in the motion leading to the judgment entry presently under appeal, despite his untimely protestations against the events of April 2000. As such, there exists no attorney performance subject to possible appellate review at this time.
 {¶ 39} Appellant's Eleventh Assignment of Error is overruled.
 XIV. {¶ 40} In his Fourteenth Assignment of Error, appellant contends the April 2000 CPO is erroneous because it was signed by another domestic relations court judge than the one assigned. We disagree.
 {¶ 41} In support of his position, appellant cites White v. SummitCty. (2000), 138 Ohio App.3d 116, 118. However, the Ninth District Court in that case recognized that an entry signed by an unassigned judge is voidable, not void. Moreover, the Court recognized that a deficient transfer does not always mandate reversal. Id. at 118. Rather, " '[a]ny party objecting to reassignment must raise that objection at the first opportunity to do so.' " Id., quoting Berger v. Berger (1981),3 Ohio App.3d 125, 131. We thus find appellant's challenge to the validity of the CPO on this basis, at this stage, to be without merit.
 {¶ 42} Appellant's Fourteenth Assignment of Error is overruled.
 {¶ 43} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P, J., and Boggins, J., concur.