{¶ 31} I respectfully protest.
 {¶ 32} In view of the facts and the clear record in this case, I believe it elevates form over substance, and has the effect of condoning an attempt at "judge-shopping," to order a remand only for the purpose of strictly complying with a court-made precedent that has no practical application herein. Judicial economy is better served by a more careful application of the holding in Berger v. Berger (1981), 3 Ohio App.3d 125.
 {¶ 33} The facts as set forth by the majority opinion demonstrate appellants in this case, aided by their attorney, who should have known better, sought to make an "end run" around a result with which they were unhappy. Rather than admonish either appellants or their attorney, the majority opinion instead grants them the relief they seek. The majority opinion further acknowledges the following: (1) on page 11 of the opinion, that granting appellants their relief will increase both costs and delay; and, (2) in footnote 5, that granting appellants their relief is completely unnecessary.
 {¶ 34} As authority for this unhappy disposition, the majority opinion cites Berger at 130. Most cases that have interpreted this portion of Berger, however, have limited its reach. For instance, the party objecting to the reassignment timely must raise its objection, because the new judge's rulings are not "void," but merely voidable. Saponari v. CenturyLimosine Serv., Inc., Cuyahoga App. No. 83018, 2003-Ohio-6501, P. 27. Moreover, this court actually stated in Berger that "transfers violate governing procedural rules if the record
does not show they have been made by the proper authority andwith a proper reason." (Emphasis added.)
 {¶ 35} The record in this case obviously presents a different situation. The transfer was made by the proper authority, viz., the administrative judge. Additionally, the order of transfer appears in the record. Finally, to use the majority's term, the reason for the transfer is "transparent." No question appears in this case that there is a "justification" that exists "in the record" for the reassigned judge "to decide the case." Cf.,White v. Summit Cty. (2000), 138 Ohio App.3d 116.
 {¶ 36} The majority opinion acknowledges the reassigned judge was the proper person to consider the issue of dismissal because "he was already quite familiar with the legal background of the dispute." It proceeds to rationalize its disposition of this appeal with a reference to protecting the "integrity" of "our system of justice." How is that system served here? The record is clear that appellants did not want the "new" case to be "assigned objectively and without preference" to the judge most familiar with the legal background; they wanted a new judge who might give them a more favorable result! Under no circumstances should this court condone appellants' stratagem.
 {¶ 37} Neither the Superintendence Rules nor the local rules of court mandate the return of this case to the trial court merely for another written entry that sets forth a "justifiable reason" for the transfer, when that reason actually is "transparent" from the record and, further, halts appellants' subterfuge to obtain potentially "preferential reassignment." Therefore, I respectfully dissent.
 {¶ 38} I would affirm the entry of dismissal.
It is, therefore, ordered that appellant recover of appellee their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.