OPINION
{¶ 1} Defendants-appellants, Scott W. Spencer and Maria L. Spencer, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment to plaintiff-appellee, Washington Mutual Bank, F.A. For the following reasons, we reverse that judgment.
 {¶ 2} This litigation began in February 2004, when appellee filed a complaint in the Franklin County Court of Common Pleas to foreclose on appellants' property located at 5770 Hallridge Circle in Columbus, Ohio. Appellee claimed to be the owner and holder of a promissory note and mortgage deed securing the payment of the note, both signed by appellants. Appellee claimed that appellants were in default on the note. The case was ultimately handled by Judge Richard Frye. On February 24, 2005, the trial court dismissed the complaint without prejudice due to appellee's failure to attend a pre-trial conference. On April 7, 2005, appellee re-filed the foreclosure complaint against appellants.[1] The complaint did not include language indicating that it was a re-filed case, as required by Loc.R. 31.02 of the Franklin County Court of Common Pleas. The case was assigned to Judge David W. Fais. In their answers, appellants raised appellee's failure to indicate that its complaint was a re-filed complaint. Accordingly, appellee filed a motion to transfer the case to Judge Frye. On September 1, 2005, Judge Fais granted the motion and transferred the case to Judge Frye's docket.
 {¶ 3} On September 20, 2005, appellee filed a motion for summary judgment, arguing that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. The motion's caption listed Judge Frye as the judge presiding over the case. In response, on October 13, 2005, Mrs. Spencer filed requests for discovery as well as a motion pursuant to Civ.R. 56(F) for additional time to obtain discovery in order to respond to appellee's motion. In a judgment entry signed by Judge Fais on October 11, 2005, the trial court granted appellee's motion for summary judgment.
 {¶ 4} Appellants appeal and assign the following errors:
[1.] WHETHER THE TRIAL COURT ERRED WHEN JUDGE FAIS, TO WHOM THE UNDERLYING CASE WAS NOT ASSIGNED, CONSIDERED AND RULED UPON APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
[2.] WHETHER THE TRIAL COURT ERRED WHEN THE TRIAL [COURT] GRANTED APPELLEE SUMMARY JUDGMENT WHEN DISCOVERY WAS OUTSTANDING AND NO PREVIOUS DISCOVERY HAD BEEN PROVIDED TO APPELLANTS.
[3.] WHETHER THE TRIAL COURT ERRED WHEN IT IGNORED THE APPELLANTS' MOTION TO EXTEND TIME WITHIN WHICH TO OBTAIN DISCOVERY PURSUANT TO CIV.R. 56(F) AND GRANTED APPELLEE SUMMARY JUDGMENT.
[4.] WHETHER THE TRIAL COURT ERRED WHEN IT PRECLUDED APPELLANTS FROM OBTAINING DISCOVERY THAT WOULD DETERMINE WHETHER APPELLEE WAS IN FACT A REAL PARTY IN INTEREST AND WHETHER APPELLEE WAS IN FACT THE HOLDER OF THE MORTGAGE NOTE UPON WHICH SUIT WAS FILED.
[5.] WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT TO PARTIES SUBJECT TO 11 USC § 362(A) AND THAT ARE SCHEDULED FOR DISCHARGE IN A PENDING BANKRUPTCY PROCEEDING.
[6.] WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT TO PARTIES WHOSE CLAIMS HAD PREVIOUSLY BEEN DISMISSED AND WERE BARRED BY OPERATION OF RES JUDICATA.
 {¶ 5} In their first assignment of error, appellants contend that Judge Fais improperly awarded summary judgment to appellee because he lacked authority to enter judgment after he transferred the case to Judge Frye. We agree.
 {¶ 6} A judge assuming to act without a proper transfer has no authority and his rulings are voidable upon the timely objection by any party. Berger v. Berger (1981),3 Ohio App.3d 125, paragraph three of the syllabus, overruled on other grounds,Brickman Sons, Inc. v. Natl. City Bank, 106 Ohio St.3d 30,2005-Ohio-3559; White v. Summit Cty. (2000),138 Ohio App.3d 116, 117. A party must raise its objection to the judge's authority to act at the first opportunity to do so. Id.
 {¶ 7} Judge Fais was assigned to this case when it was re-filed. After discovering that the complaint was a re-filed case, he properly transferred the case back to Judge Frye. Thereafter, Judge Fais lacked authority to take further action. Nevertheless, Judge Fais awarded summary judgment to appellee. Consequently, Judge Fais' award of summary judgment is voidable. Id. at 117; Berger, at 130.
 {¶ 8} Even though Judge Fais' judgment was voidable, appellants must still timely object to the error. Appellants did timely object to the judgment signed by Judge Fais. The first and only indication that Judge Fais exercised improper authority in this case was the entry he signed awarding summary judgment to appellee. That entry constituted a final appealable order. SeeSmith v. Najjar, 163 Ohio App.3d 208, 2005-Ohio-4720, at ¶ 11. Instead of filing a Civ.R. 60(B) motion in the trial court, appellants filed a notice of appeal from the judgment within the time period set forth in App.R. 4(A). Under the facts of this case, their timely appeal satisfies the requirement that they timely object to the judge's action. White, supra, at 118-119 (direct appeal, rather than Civ.R. 60(B) motion, sufficient to timely raise objection). See, also, Rolfe v. Galvin, Cuyahoga App. No. 86471, 2006-Ohio-2457, at ¶ 5-7 (claim of improper assignment of a judge should be raised by direct appeal). Cf.Evans v. Ohio Supreme Court, Franklin App. No. 02AP-736, 2003-Ohio-959, at ¶ 16-17 (voidable judgment may be attacked through direct appeal); State v. Montgomery, Huron App. No. H-02-039, 2003-Ohio-4095, at ¶ 9 (voidable judgment subject to direct appeal).
 {¶ 9} Judge Fais lacked authority to award summary judgment to appellee. Appellants timely objected by filing an appeal from that judgment. Accordingly, appellants' first assignment of error is sustained. Our disposition of appellants' first assignment of error renders appellants' remaining assignments of error moot. App.R.12. The judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the law and this opinion.
Judgment reversed and cause remanded.
Brown and Travis, JJ., concur.
[1] Also named as defendants were: Lawyers Co-operative; Pinnacle Technology Resources, Inc.; Scotland Yard Condominium Association; Wellington School; Ameri Comm. Enterprises, Inc; the Estate of Scott Spencer; the Ohio Bureau of Workers' Compensation; the Ohio Department of Job and Family Services; the Ohio Department of Taxation; and, the United States of America.