**The STATE of Ohio, Appellant,**

v.

**BLANKENSHIP, Appellee.**

[Cite as *State v. Blankenship* (1996), 111 Ohio App.3d 198.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17425.

Decided May 22, 1996.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellant.

*Lawrence J. Whitney,* for appellee.

---

BAIRD, Presiding Judge.

The state of Ohio appeals from a judgment of the Summit County Court of Common Pleas that overruled its motion to strike a judgment granting a new trial to appellee, Boyd Lee Blankenship. We affirm.

On July 17, 1991, Blankenship's six-month-old son was found dead in his crib. An autopsy revealed that the child had died from blunt force trauma. Blankenship and his wife Mary were each indicted on charges of involuntary manslaughter and endangering children. Blankenship was also indicted for murder. On October 19, 1992, following a joint jury trial, both Blankenship and his wife were convicted of involuntary manslaughter and endangering children. They appealed separately. We affirmed Blankenship's convictions on appeal. *State v. Blankenship* (Sept. 1, 1993), Summit App. No. 16019, unreported, 1993 WL 329962. Mary's conviction, however, was reversed, and the cause was remanded for a new trial. *State v. Blankenship* (Sept. 1, 1993), Summit App. No. 16018, unreported, 1993 WL 329950.

According to Blankenship, at Mary's second trial, the coroner's testimony differed from that of the first trial, particularly as to the time frame of the child's fatal injury. At the second trial, the coroner expanded the time frame by five days, thus making it plausible that the injury was the result of a sudden stop

Blankenship had allegedly made while driving with his child. Blankenship contended that he did not mention this incident at trial, or to any law enforcement authorities, because it was inconsistent with the coroner's original opinion.

On April 7, 1995, Blankenship moved for a new trial based in part on this newly discovered evidence. Following a hearing, the trial court granted Blankenship's motion. The state did not appeal that judgment. Instead, on May 18, the state filed a motion for reconsideration which the trial court denied. On August 14, 1995, the state moved to strike the judgment granting Blankenship a new trial, contending that it was a void judgment. The trial court denied the motion to strike, and the state timely filed its motion for leave to appeal.

The state was granted leave to appeal, and it raises two assignments of error. Because both assigned errors address the merits of the state's motion to strike, and the state argues them jointly, we will address them together.

■ The state argues that the trial court erred in failing to strike the judgment granting Blankenship a new trial. The state contends that because Blankenship moved for a new trial based on newly discovered evidence more than one hundred twenty days after his guilty verdict was rendered, pursuant to Crim.R. 33(B) and R.C. 2945.80, the trial court could consider this motion only after it issued an order finding that Blankenship "was unavoidably prevented from discovering the evidence within the one hundred twenty day period." The parties do not dispute that the trial court issued no such explicit finding. This defect, according to the state, rendered the trial court's judgment void.

Although the trial court committed the error alleged by the state, we must determine whether the state has sought redress in an appropriate manner. As Blankenship properly stresses, the state brings this issue before us not on direct appeal from the judgment granting a new trial, but on appeal from a collateral attack in the trial court. Therefore, we will address the merits of the state's challenge only if the judgment was properly subject to collateral attack.

■ This question turns on whether the judgment was void, as the state asserts, or merely voidable. A void judgment is a mere nullity, and can be attacked at any time. *Tari v. State* (1927), 117 Ohio St. 481, 494, 159 N.E. 594, 597–598. A voidable judgment, on the other hand, is fully effective and valid unless and until it is challenged through direct appeal of the judgment. *State v. Sandlin* (1983), 11 Ohio App.3d 84, 88, 11 OBR 136, 140–141, 463 N.E.2d 85, 89–90, fn. 3. Therefore, if the trial court's judgment granting Blankenship a new trial was merely voidable, the state was precluded from attacking it collaterally.

■ A void judgment is one entered by a court without jurisdiction to enter such a judgment. *Tari, supra.* Once jurisdiction is established, the court's authority to hear and determine the matter is perfected. *Id.* Whether this

judgment was void or voidable, therefore, rests on whether the court had jurisdiction to grant Blankenship a new trial. The state contends that, because the trial court failed to follow Crim.R. 33(B) and R.C. 2945.80 to the letter, it was without jurisdiction to grant Blankenship a new trial. We disagree.

Both Crim.R. 33(B) and R.C. 2945.80 provide that a motion for new trial based on newly discovered evidence must be filed within one hundred twenty days after the verdict was rendered. This one-hundred-twenty-day period may be extended by the trial court, however, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" Crim.R. 33(B); R.C. 2945.80. If the defendant meets this burden, his motion must be filed within seven [1] days of the trial court's order finding that he was unavoidably prevented from discovering the evidence within one hundred twenty days. Crim.R. 33(B).

Blankenship did support his motion with evidence that he was unavoidably prevented from discovering this evidence until the second trial of his wife. By granting Blankenship's motion for a new trial, the trial court must have implicitly found that he met his burden to justify the delay. The state does not argue that Blankenship failed to prove that the delay was unavoidable; rather, the error alleged by the state is only that the trial court failed to issue an order stating such a finding. The order was clearly not a condition to the trial court's authority to grant a motion for new trial. The requisite order merely would have served to inform the defendant of the trial court's finding, and to establish a cutoff date for the filing of his motion. As Blankenship had already filed his motion for a new trial, it was obviously timely filed under both R.C. 2945.80 and Crim.R. 33(B).

Crim.R. 33 and R.C. 2945.80 clearly gave the trial court authority to grant Blankenship a new trial beyond one hundred twenty days after the verdict. The trial court's failure to issue an order explicitly stating that Blankenship was unavoidably prevented from discovering the evidence, although error, did not defeat the court's jurisdiction. Therefore, the judgment was not void, but merely voidable. Consequently, the state had no right to challenge this judgment collaterally, and the trial court properly denied the motion to strike. The assignments of error are overruled.

*Judgment affirmed.*

REECE and DICKINSON, JJ., concur.

---

1. R.C. 2945.80 provides that the motion must be filed within three days of the order. The conflict between the statute and the rule is irrelevant in this case, however, as Blankenship's motion would have been timely under either.