BRICKMAN & SONS, INC. ET AL., APPELLEES, *v.* NATIONAL CITY BANK, TRUSTEE, APPELLANT.

[Cite as *Brickman & Sons, Inc. v. Natl. City Bank,* 106 Ohio St.3d 30, 2005-Ohio-3559.]

(No. 2004–0819—Submitted March 29, 2005—Decided July 27, 2005.)

LUNDBERG STRATTON, J.

{¶ 1} Today this court must decide whether a transfer is proper when an administrative judge's entry of reassignment under authority of the Rules of Superintendence does not state the reason for the transfer, but the reason is clear from the record. For the reasons that follow, we answer in the affirmative and, therefore, reverse the judgment of the court of appeals.

{¶ 2} This case involves a rancorous family dispute that has generated three lawsuits since 2001. At the center of the dispute are plaintiff-appellee Brickman & Sons, Inc. ("the company") and a trust created by its sole shareholder, Frank Brickman Sr., before his death in September 2000. The trust corpus includes all the shares in the company. Two Brickman daughters, Margaret Elias and Mary Kopniske, succeeded Brickman as cotrustees after his death, with a third daughter, Susan Uher, assigned to break any impasse.

{¶ 3} Shortly after Brickman's death, Kopniske and Uher initiated a lawsuit against Elias and others, alleging breach of fiduciary duty. This lawsuit ("*Brickman I*") was assigned to Judge Nancy A. Fuerst.

{¶ 4} Their mother, Brickman's widow Marian, then filed suit against Kopniske, Uher, and others (*"Brickman II"*), also alleging breach of fiduciary duty. This case was assigned to Judge William J. Coyne.

{¶ 5} In December 2001, facilitated by Judge Coyne, the parties to both lawsuits agreed to settle. The terms of the settlement were incorporated in a judgment entry, and all further expenditures from the trust on the company's behalf were stayed except those made in the ordinary course of business. The three sisters agreed to withdraw as trustees, and the court appointed defendant-appellant, National City Bank ("NCB"), to serve as trustee in their place. *Brickman I* and *II* were dismissed, and all claims and counterclaims were released.

{¶ 6} On February 28, 2002, an administrative judge filling in for Judge Coyne, who was unavailable, continued the stay. Shortly thereafter, Kopniske and Uher, in their capacity as directors of the company, removed all other members of the company board, appointed themselves as the sole board members, and used company funds to pay themselves a salary retroactive to December 2000 as well as their attorney fees for *Brickman I.*

{¶ 7} Two days later, NCB, in its capacity as trustee, elected new directors and officers of the company. Kopniske and Uher, in their purported capacity as board members, filed suit in their names and in the name of the company against NCB (*"Brickman III"*), asking for a judgment declaring who owns the stock that forms the corpus of the trust and alleging breach of contract and other claims. On the designation form or "face sheet" of the complaint in *Brickman III,* the

attorney for the plaintiffs certified by his signature that "to the best of [his] knowledge the within case is not related to any now pending or previously filed." The attorney made that certification despite the fact that he himself had filed the previous two lawsuits, *Brickman I* and *Brickman II*. Because of this misrepresentation, the case was assigned to Judge Joseph D. Russo, who was new to the litigation.

{¶ 8} NCB moved either to transfer this action to Judge Coyne or to dismiss the complaint. The administrative judge transferred the action to Judge Coyne without stating a reason for the transfer. Judge Coyne held a hearing on the motion to dismiss and other motions filed by NCB. He ruled that Kopniske and Uher had violated the settlement agreement and the stay and had acted without authority when they (1) misappropriated company funds by paying themselves and their attorney, (2) authorized their attorney to file suit on behalf of the company, (3) failed to turn over corporate records to the new trustee, and (4) appointed themselves board members of the company.

{¶ 9} Judge Coyne then ordered sanctions against Kopniske, Uher, and their attorney. Dismissing the complaint in *Brickman III*, the court found that "the original Complaint and the Amended Complaint are barred, as I indicated, by the doctrine of res judicata and judicial estoppel." Kopniske and Uher appealed on their own behalf and on behalf of the company, arguing that the administrative judge abused his discretion when he reassigned the case to Judge Coyne without stating a reason for the transfer.

{¶ 10} On appeal, the Eighth District Court of Appeals reversed the judgment of the trial court and remanded for reassignment. The appellate court concluded that this was the transfer of a single existing case, not a consolidation of two or more cases where transfer of jurisdiction would have been proper. Further, the appellate court concluded that because the administrative judge transferred the case without stating a reason in the entry, the assignment was voidable, and the resulting lack of jurisdiction precluded affirmance.

{¶ 11} This cause is now before us upon our acceptance of a discretionary appeal.

{¶ 12} This case focuses on the Eighth District's interpretation of Sup.R. 36(B)(2) and Sup.R. 4(B). The two Rules of Superintendence relate to the assignment of cases and to the authority of an administrative judge.

{¶ 13} Sup.R. 4(B) provides: "The administrative judge shall have full responsibility and control over the administration, docket, and calendar of the court or division. * * * The administrative judge shall do all of the following:

{¶ 14} "(1) Pursuant to Sup.R. 36, assign cases to individual judges of the court or division or to panels of judges of the court in the court of appeals."

{¶ 15} Sup.R. 36(B)(1) provides:

{¶ 16} "As used in these rules, 'individual assignment system' means the system in which, upon the filing in or transfer to the court or a division of the court, a case immediately is assigned by lot to a judge of the division, who becomes primarily responsible for the determination of every issue and proceeding in the case until its termination."

{¶ 17} The appellate court acknowledged that it was clear from the record that "transferring the case to Judge Coyne was an order which would 'tend to reduce unnecessary costs or delay,' because he was already quite familiar with the legal background of the dispute" and that "assigning the case to Judge Coyne served judicial economy." 2004-Ohio-1447, 2004 WL 583856, ¶ 24 and 26. The appellate court further held, "[W]e find no error in the findings Judge Coyne made." Yet the appellate court concluded that Judge Coyne's order of dismissal in *Brickman III* was "voidable." Id. at ¶ 25. In doing so, the court of appeals relied on its decision in *Berger v. Berger* (1981), 3 Ohio App.3d 125, 130, 3 OBR 141, 443 N.E.2d 1375, which provides:

{¶ 18} "[R]eassignment of any case must be accompanied by a journal entry executed by the administrative judge which states a justifiable reason for transferring responsibility for the case to another judge. Absent such an entry, the judge assuming to act has no authority and his rulings are voidable on timely objection by any party." (Footnote omitted.)

{¶ 19} In this case, after the filing of the first two suits, *Brickman I* and *II,* Judge Coyne facilitated a settlement for both cases. Moreover, although not reduced to writing by the parties, the settlement was reduced to a judgment entry, dated February 20, 2002.

{¶ 20} In reversing the judgment and remanding this case, the appellate court conceded that assigning the case to Judge Coyne served judicial economy, and Judge Coyne had made no error in his findings. Yet the court held that "[e]ssential to any system of justice, however, is the principle that cases be assigned among judges objectively and without preference."

{¶ 21} We agree that assignments must be free from the appearance of impropriety. However, the rules are also designed to prevent judge-shopping. Sup.R. 36(B)(1) provides:

{¶ 22} "The individual assignment system ensures all of the following:

{¶ 23} "(a) Judicial accountability for the processing of individual cases;

{¶ 24} "(b) Timely processing of cases through prompt judicial control over cases and the pace of litigation;

{¶ 25} "(c) Random assignment of cases to judges of the division through an objective and impartial system that ensures the equitable distribution of cases between or among the judges of the division."

{¶ 26} When *Brickman III* was filed, Uher and Kopniske's attorney, David A. Corrado, certified that this action was not related to any pending or previous case. This certification appears to have been an attempt to evade the settlement reached in that case and memorialized in Judge Coyne's judgment entry by having the case assigned to a new judge with no prior knowledge of the case or of the settlement agreement. This type of conduct is precisely what the Rules of Superintendence seek to prohibit.

{¶ 27} In this case, the reasons for the transfer are clear from the record. At a hearing on April 4, 2002, on NCB's motion to dismiss and appellee's motion in opposition, Judge Coyne stated on the record that "as to all of these motions, * * * the Court has conferred with Judge McMonagle, our presiding administrative judge [who ordered the transfer], who also spoke to Judge Joseph D. Russo, the named judge [to whom *Brickman III* was initially assigned by lot], * * * and myself, it has been deemed appropriate that this matter be transferred back to myself, Judge Coyne, for further handling, as I was the Judge on the earlier case, which these matters all emanate out of the earlier case that this Court handled, to what we thought was a conclusion, * * * and the authority for that is Local Rule 15(H). So this case is now reassigned to my docket. The objections of the plaintiffs are hereby overruled."

{¶ 28} Nothing in the Rules of Superintendence requires the administrative judge to state the reason for the reassignment in the journal entry. To the extent that *Berger*, 3 Ohio App.3d 125, 3 OBR 141, 443 N.E.2d 1375, attempts to add a requirement to the Rules of Superintendence, it is overruled.

{¶ 29} Therefore, we hold that when an administrative judge's entry of reassignment under authority of the Rules of Superintendence does not state the reason for the transfer, but the reason is clear from the record, the transfer is proper. Accordingly, we reverse the judgment of the court of appeals and remand the cause for reinstatement of the dismissal of *Brickman III*.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

David A. Corrado, for appellees.

Tucker Ellis & West, L.L.P., Irene C. Keyse–Walker, and Frank R. Osborne, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Lisa Reitz Williamson, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Cuyahoga County Prosecutor's Office.