ORIGINAL ACTION JOURNAL ENTRY and OPINION
{¶ 1} Hexagram, Inc. and Mitch Mintz ("Hexagram"), throughState ex rel. Hexagram, et al. v. Judge Carolyn Friedland, etal., Cuyahoga App. No. 87089 and State ex rel. Hexagram, et al.v. Judge Richard J. McMonagle, Cuyahoga App. No. 87105, seek a writ of procedendo, a writ of prohibition, and a writ of mandamus from this court.[1] Specifically, Hexagram seeks a writ of mandamus in order to compel Judge McMonagle to transfer the case of Walker v. Hexagram, Inc. et al., Cuyahoga County Court of Common Pleas Case No. CV-530884, to Judge Norman Fuerst, issue a writ of procedendo which compels Judge Norman Fuerst to journalize a dispositive ruling in Walker, and issue a writ of prohibition which prevents Judge Friedland from reasserting jurisdiction over any further proceedings in Walker. Judge McMonagle, Judge Friedland, and Judge Fuerst have filed a joint motion to dismiss which we grant for the following reasons.
 THE FACTS {¶ 2} The following facts are gleaned from the complaint for a writ of mandamus, the complaint for a writ of procedendo, the complaint for a writ of prohibition, the motion to dismiss, the brief in opposition to the motion to dismiss, the reply briefs in support of the motion to dismiss, and the response to the reply briefs. On May 20, 2004, Jennifer Walker filed a civil complaint, which alleged hostile "hostile work environment/sexual harassment" and "retaliatory discharge" against Hexagram, Inc. and Mitch Mintz. The case was assigned to Judge Friedland pursuant to Loc.R. 15 of the Court of Common Pleas of Cuyahoga County, General Division. On April 7, 2005, Judge Friedland granted the defendant's motion for summary judgment with regard to the claim of "hostile work environment/sexual harassment" and a trial was scheduled for the remaining claim of "retaliatory discharge." On September 15, 2005, Walker was transferred to Judge McMonagle, the Administrative Judge of the Cuyahoga County Court of Common Pleas, for trial by a "visiting judge". Apparently, Walker was reassigned to Judge Fuerst for trial although the docket fails to reflect that a transfer was executed by Judge McMonagle and journalized by the Clerk of the Cuyahoga County Court of Common Pleas.
 {¶ 3} Prior to trial, Judge Fuerst met with the attorneys for the plaintiff and the defendants and expressed serious doubt as to the ability of the plaintiff to succeed on her claim of retaliatory discharge and indicated that he would enter a judgment which dismissed the plaintiff's claim. No such judgment entry, however, was signed by Judge Fuerst and journalized by the Clerk of the Cuyahoga County Court of Common Pleas.[2] On September 28, 2005, Judge McMonagle entered an order, pursuant to Rule 4(B) of the Rules of Superintendence for the Courts of Ohio, which returned Walker to the docket of Judge Friedland. On September 28, 2005, Hexagram filed a complaint for a writ of procedendo and a writ of prohibition. On September 29, 2005, Hexagram filed a complaint for a writ of mandamus. On October 18, Judge McMonagle, Judge Fuerst, and Judge Friedland filed a joint motion to dismiss. On October 25, 2005, Hexagram filed a brief in opposition to the motion to dismiss. On October 28, 2005, the respondents filed two briefs in support of the motion to dismiss. On November 2, 2005, Hexagram filed a response to the respondents' brief in support of the motion to dismiss. For the following reasons, we grant the joint motion to dismiss the complaints for a writ of mandamus, procedendo, and prohibition.
 COMPLAINT FOR A WRIT OF MANDAMUS {¶ 4} Hexagram, through the complaint for a writ of mandamus, is attempting to obtain an order from this court which requires Judge McMonagle to transfer and return Walker to Judge Fuerst for further proceedings. In order for this court to issue a writ of mandamus, Hexagram must establish each prong of the following three-part test: (1) Hexagram possesses a clear legal right to the requested relief; (2) Judge McMonagle possesses a clear legal duty to perform the requested relief; and (3) there exists no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for an appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659. Mandamus is an extraordinary remedy which is to be exercised with caution and issued only when the right is clear. Mandamus will not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State exrel. Connole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850. Herein, Hexagram has failed to establish the first and second prongs of the aforesaid three-part test. Pursuant to Sup.R. 4(B), Judge McMonagle, as the Administrative Judge, possesses "full responsibility and control over the administration, docket and calendar of the court, and he has the power to assign case." State ex rel. Peffer v. JudgeRusso, Cuyahoga App. No. 87149, 2005-Ohio-5556. See, also,State ex rel. Novak v. Judge Mahon (Jan. 11, 2001), Cuyahoga App. No. 78505. Hexagram has failed to establish that it possesses a right to have the underlying action transferred to Judge Fuerst for any purpose or that Judge McMonagle possesses any duty to transfer the action to Judge Fuerst. Thus, we decline to issue a writ of mandamus against Judge McMonagle.
 COMPLAINT FOR WRIT OF PROCEDENDO {¶ 5} Hexagram, through the complaint for a writ of procedendo, seeks an order from this court which requires Judge Fuerst to issue an order which dismisses the claim of retaliatory discharge as raised in Walker. In order for this court to grant a writ of procedendo, Hexagram must demonstrate that: (1) Hexagram possesses a clear legal right to require respondent to proceed; (2) Judge Fuerst possesses a clear legal duty to proceed; and (3) there exists no plain remedy in the ordinary course of the law. State ex rel. Sherrills v. Cuyahoga CountyCourt of Common Pleas, 72 Ohio St.3d 461, 1995-Ohio-26,650 N.E.2d 899.
 {¶ 6} Herein, Hexagram argues that pursuant to oral statements made by Judge Fuerst during a pretrial, it possesses a legal right and there exists a legal duty which requires Judge Fuerst to enter an order which dismisses the claim of retaliatory discharge. Hexagram, however, has failed to establish any right or duty which requires Judge Fuerst to enter an order which dismisses the underlying claim of retaliatory discharge.
 {¶ 7} Under well established Ohio law, a trial court speaks only through its journal and any judgment rendered is effective
only upon journalization by the clerk of the trial court. Statev. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d. 864;Schenley v. Kauth (1953), 160 Ohio St. 109, 113 N.E.2d 625; Civ.R. 58(A). Until an entry is journalized, the trial court retains the right and discretion to review and reverse it previous findings. State ex rel. Hansen v. Reed. (1992),63 Ohio St.3d 597, 589 N.E.2d 1324; State v. Tripodo (1977),50 Ohio St.2d 124, 363 N.E.2d 719; State ex rel. McCamey v. Courtof Common Pleas of Cuyahoga County (1943), 141 Ohio St. 610,49 N.E.2d 761. It must also be noted that in the case sub judice, Judge Fuerst did exercise the right and discretion to revise the oral pronouncement of dismissal through the memorandum that was forwarded to Hexagram. As stated previously, Judge Fuerst "found position for the plaintiff's position" and intended to proceed to trial. Thus, we find that Hexagram is not entitled to a writ of procedendo.[3]
 COMPLAINT FOR WRIT OF PROHIBITION {¶ 8} Hexagram, through it's complaint for a writ of prohibition, seeks to prevent Judge Friedland from exercising any future jurisdiction in Walker. Based upon our determination that Hexagram is not entitled to a writ of mandamus or procedendo, we find that the complaint for a writ of prohibition is moot. Judge Friedland possesses the basic jurisdiction to conduct judicial proceedings in Walker. State ex rel. Jerninghanv. Cuyahoga County Court of Common Pleas, 74 Ohio St.3d 278,1996-Ohio-117, 658 N.E.2d 723; State ex rel. Gantt v. Coleman
(1983), 6 Ohio St.3d 5, 450 N.E.2d 1163; Fraiberg v. CuyahogaCounty Court of Common Pleas, Domestic Relations Div. (1996),76 Ohio St.3d 374, 667 N.E.2d 1189.
 {¶ 9} Accordingly, we grant the joint motion to dismiss. Costs to Hexagram. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaints dismissed.
Dyke, J., and Gallagher, J., concur.
[1] State ex rel. Hexagram, et al. v. Judge CarolynFriedland, supra and State ex rel. Hexagram, et al. v. JudgeRichard J. McMonagle, supra were consolidated for motion practice, briefing, and disposition on December 1, 2005.
[2] Judge Fuerst did forward a copy of a memorandum to all parties in the underlying action. The memorandum, however, reversed the original position of Judge Fuerst, which provided for a dismissal of the claim of retaliatory discharge. To the contrary, Judge Fuerst opined that "* * * the Court has found support for the plaintiff's position and directs herein that the case go forward on the retaliation claim."
[3] The reassignment of any case to a judge must be accomplished through a journal entry that has been executed by the administrative judge and journalized by the clerk of the trial court. Absent such a journalized judgment entry, the judge assigned to hear the transferred case possesses no authority and any rulings are voidable on timely objection by any party. Herein, no journal entry was executed by the administrative judge which in itself casts doubt on any actions taken by Judge Fuerst. See Brickman Sons, Inc. V. National City Bank,106 Ohio St.3d 30, 2005-Ohio-3559, 840 N.E.2d 1151; Berger v. Berger (1981),3 Ohio App.3d 125, 443 N.E.2d 1375.