ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} The petitioner, Nancy Rolfe, commenced this prohibition action against the respondent, Judge June Rose Galvin, to prevent Judge Galvin from exercising any further jurisdiction in the underlying cases, Denver Barry v. Nancy Rolfe, Cuyahoga County Common Pleas Court, Juvenile Division, Case Nos. SU-00702171 and CU01108136. The petitioner also sought an alternative writ for the same relief. Judge Galvin filed a motion to dismiss, and Rolfe filed a brief in opposition. For the following reasons, this court grants the judge's dispositive motion.
 {¶ 2} Rolfe presents two claims for a writ of prohibition. First, she claims that Judge Galvin is biased against her as shown by a series of unreasonable, inconsistent rulings which have deprived her of due process and injured her ability to visit and/or have custody of her child. The second is that Judge Galvin does not have authority over the underlying cases because she was removed from the cases and then not properly reassigned to them. The dockets to the underlying cases show that various judges, including Judge Galvin, have been assigned, removed, reassigned and have served as judges throughout the proceedings. The docket in Case No. CU01108136 indicates that the case began in October 2001, and that Judge Galvin was assigned to the case in January 2003. Case No. 00702171 began in February 2001, and Judge Galvin was assigned in November 2003. Rolfe attached to her complaint a December 19, 2003 journal entry in Case No. 00702171 in which Judge Galvin recused herself because she was unavailable and an emergency motion needed to be timely adjudicated. The docket in Case No. CU01108136 states that Judge Galvin was removed as judge on January 7, 2004. It also shows that she was assigned again on May 3, 2004. Since then Judge Galvin has been very actively involved in adjudicating the underlying cases; she has conducted hearings and ruled on motions. It appears from the docket in Case No. 00702171 that she has presided over this matter more than any other judge.
 {¶ 3} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher
(1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe
(1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court of DarkeCounty (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of CommonPleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v.Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State exrel. Csank v. Jaffe (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local SchoolDistrict Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State exrel. Bradford v. Trumbull Cty. Court, 64 Ohio St.3d 502,1992-Ohio-116, 597 N.E.2d 116.
 {¶ 4} Rolfe's first claim, that Judge Galvin's bias and prejudice deprives her of jurisdiction, is meritless. As stated above, erroneous decisions and mistakes do not abrogate the court's power to decide the case. As a corollary this principle extends to the judge's motivation in making those decisions. Significantly, Rolfe does not cite to any authority for the proposition that a judge's bias deprives the judge of jurisdiction. Furthermore, this court in State ex rel. Foster v.Judge Buchanan, Cuyahoga App. No. 85962, 2006-Ohio-2061, rejected the principle that an extraordinary writ is a remedy for removing a biased judge — "broad accusations * * * of bias, conspiracy, and corruption are insufficient to establish such a specific abrogation of a specific statute that would render an order void under Ohio law, much less deprive the judge entirely of jurisdiction over the case." ¶ 6. Moreover, there are specific adequate remedies, such as R.C. 2701.03, to address the issues of bias and prejudice.
 {¶ 5} Rolfe's second claim is that under the Rules of Superintendence 3, 4, and 36 Judge Galvin was not a properly assigned judge, because it is not possible to trace the proper assignment of judges through the dockets and because the administrative judge did not properly issue an order re-assigning her to the case after she recused herself. In Berger v. Berger
(1981), 3 Ohio App.3d 125; 443 N.E.2d 1375, the court held that under the Rules of Superintendence the reassignment of any case must be accompanied by a journal entry from the administrative judge which states a justifiable reason for transferring the case to another judge.[1] "Absent such an entry, the judge assuming to act has no authority and his rulings are voidable on timely objection by any party." 3 Ohio App.3d at 130. See also,State ex rel. Hexagram v. Judge Friedland, Cuyahoga App. Nos. 87089 and 87105, 2005-Ohio-6764. Thus, Rolfe contends that Judge Galvin does not have authority and prohibition should issue.
 {¶ 6} However, this argument ignores the distinction between void and voidable. A void judgment is a mere nullity, and can be attacked at any time, while a voidable judgment is fully effective and valid unless and until it is challenged through direct appeal, thus precluding a collateral attack, such as an extraordinary writ. State v. Blankenship (1996),111 Ohio App.3d 198, 675 N.E.2d 1303.
The Berger court also made the same distinction: "* * * if any error existed in the substitution of one judge for another, such substitution did not go to the jurisdiction of the court or render the judgment void and that review should have been sought by writ of error, and that a remedy by [writ] is not available."3 Ohio App.3d at 130, citing United States v. Valente (1924),264 U.S. 563, 44 S.Ct. 411, 68 L.Ed 850 and Bowman v. Alvis
(1950), 88 Ohio App. 229, 236, 96 N.E.2d 605.
 {¶ 7} More directly, the Supreme Court of Ohio has ruled that a claim of improper assignment of a judge should be raised through direct appeal and not through mandamus or prohibition.State ex rel. Keith v. McMonagle, 106 Ohio St.3d 61,2005-Ohio-3669, 831 N.E.2d 433; State ex rel. Key v. Spicer,91 Ohio St.3d 469, 2001-Ohio-98, 746 N.E.2d 1119; and State ex rel.Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225, cert. denied (1983), 464 U.S. 1017, 78 L.Ed.2d 723,104 S.Ct. 1983.
 {¶ 8} Accordingly, this court denies the application for a writ of prohibition and the motion for an alternative writ. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Dyke, A.J., concurs.
 Celebrezze, Jr., J., concurs.
[1] In Brickman Sons, Inc. v. National City Bank,106 Ohio St.3d 30, 2005-Ohio-3559, 830 N.E.2d 1151, the Supreme Court of Ohio overruled Berger v. Berger to the extent that it held that the administrative judge had to give a justifiable reason to transfer the case.