[Cite as *State v. Ford*, 2012-Ohio-4384.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26480 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC L. FORD | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 93 04 0840 |

DECISION AND JOURNAL ENTRY

Dated: September 26, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Eric Ford, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In 1993, Ford was indicted on two counts of having weapons under disability and one count of felony possession of cocaine. Later that same year, he agreed to plead guilty to amended charges. Specifically, he pleaded guilty to two counts of aggravated trafficking. The trial court sentenced Ford to three years in prison, and Ford served his sentence.

{¶3} In 2012, Ford filed a motion for relief after judgment in which he sought to challenge his 1993 convictions. In his motion, Ford argued (1) the trial court could not permit the State to amend his indictment because the amendment changed the identity of his offenses, (2) his attorney was ineffective for allowing him to plead guilty to the amendment, (3) his plea was not knowingly, intelligently, and voluntarily entered, (4) his constitutional rights were

violated because the amendment to his indictment was never presented to the Grand Jury, and (5) his money had been forfeited without a forfeiture hearing. The trial court denied Ford's motion on its face.

{¶4} Ford now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE JUDGMENT OF CONVICTION IS VOID BECAUSE THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONVICT THE APPELLANT FOR THE CRIME FOR WHICH HE WAS CONVICTED.

{¶5} In his sole assignment of error, Ford argues that his 1993 convictions are void because the amendment to his indictment changed the identity of his offenses and was never presented to the grand jury so as to invoke the jurisdiction of the court. We do not reach the merits of Ford's argument as it is barred by the doctrine of res judicata.

{¶6} "[A] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston*, 71 Ohio St.3d 224, 227 (1994). Moreover, a void judgment may be attacked at any time. *State v. Blankenship*, 111 Ohio App.3d 198, 200 (9th Dist.1996). The errors Ford raised in his motion to vacate, however, are not errors that would result in a void judgment. Rather, they are errors that Ford could have raised on direct appeal. *See, e.g., Payne v. Jeffreys*, 109 Ohio St.3d 239, 2006-Ohio-2288, ¶ 5 (claims attacking validity and sufficiency of an indictment should have been raised on direct appeal); *State v. Bailey*, 9th Dist. No. 10CA0055-M, 2011-Ohio-3246, ¶ 8-9 (defendant could have raised on direct appeal argument that court erred by amending indictment when amendment allegedly changed the identity of the offense); *State v. Bennett*, 9th Dist. No. 15874, 1992 WL 368527, *1 (Dec. 9, 1992) (res judicata barred

defendant's argument that "[a]n indefinite term of imprisonment is precluded if a specification not alleged by the grand jury [and] is amended to the indictment by the prosecution or trial court" without the defendant's consent). "While a [defendant] may challenge a void judgment at any time, [he] may challenge a voidable judgment only in accordance with the principles of appellate procedure * * *." *In re J.N.*, 9th Dist. Nos. 24090 & 24115, 2008-Ohio-3435, ¶ 34. Because Ford could have raised his arguments on direct appeal, they are barred by res judicata. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 35-36. The trial court did not err by denying Ford's motion to vacate. Consequently, his sole assignment of error is overruled.

III

{¶7} Ford's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

ERIC L. FORD, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.