[Cite as *In re C.B.*, 2014-Ohio-5339.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101164 and 101165**

**IN RE: C.B. AND F.G.**

[Appeal by Cuyahoga Job and Family Services]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU 98113679 and SU 09718122

**BEFORE:** Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 4, 2014

**ATTORNEYS FOR APPELLANT**

**For Cuyahoga Job and Family Services**

Timothy J. McGinty
Cuyahoga County Prosecutor
Joseph C. Young
Assistant County Prosecutor
P.O. Box 93894
Cleveland, Ohio 44101


**ATTORNEYS FOR APPELLEES**

**For Minor Child**

Michael B. Telep
4438 Pearl Road
Cleveland, Ohio 44109

**For Father**

C.B., pro se
2650 Barlow Road
Hudson, Ohio 44236

**For Mother**

Michael L. Thal
1785 E. 47th Street
Cleveland, Ohio 44103

MARY EILEEN KILBANE, J.:

{¶1} In this consolidated appeal, appellant, Cuyahoga Job and Family Services — Office of Child Support Services ("CJFS"), appeals the trial court's orders modifying child support in Case Nos. SU09718122 and CU98113679 and dismissing its motion to show cause in Case No. SU09718122. For the reasons set forth below, we vacate the orders in both cases and reverse and remand.

{¶2} F.G. (mother) and C.B. (father), became parents of a son on January 2, 1998 ("child"). The child was born with special needs.[1] F.G. had legal custody of the child until September 7, 2010 (he was 12 years old at the time), when the trial court in CU98113679, pending before the "Custody Judge," found a change of circumstances and awarded legal custody to C.B. When the child was in F.G.'s custody, the trial court in Case No. SU09718122, pending before the "Support Judge," ordered C.B. to pay child support in the amount of $321.29 per month, plus a 2 percent processing fee. In September 2009, CJFS (then identified as the Child Support Enforcement Agency — "CSEA") filed a complaint against C.B., alleging that he failed to pay child support to F.G.

{¶3} CSEA's complaint in Case No. SU09718122, for C.B.'s failure to pay child support, proceeded to a hearing before a magistrate in March 2011, who issued an order finding C.B. in contempt for failing to pay child support. The magistrate also determined that C.B. owed $20,151.49 in arrears. C.B. was ordered to pay through CSEA $327.72 per month in child support, which included a 2 percent processing fee, and he was sentenced to five days in jail. However, the sentence was suspended provided that C.B. pay a lump sum of $1,000 or pay

---

[1]F.G. received Social Security Income when the child was in her custody, and Medicaid paid all of the child's medical expenses.

$327.72 per month for six consecutive months beginning May 1, 2011. The court adopted the magistrate's findings in April 2011.

{¶4} In September 2011, CSEA filed a motion to execute sentence for C.B.'s failure to meet the purge conditions. The trial court held a hearing on the motion in January 2012, at which time the court found that C.B. failed to comply with the conditions and sentenced him to five days in jail. Then in September 2012, CSEA filed a motion to show cause for C.B.'s continued failure to pay child support. C.B. retained counsel and, after several continuances, the matter was set for trial on January 29, 2014.

{¶5} In the interim, CSEA (later identified as CJFS) filed a motion to intervene in Case No. CU98113679 on December 27, 2011. In this motion, CJFS requested that F.G. be ordered to provide child support since C.B. now had legal custody of C.G. After several continuances, the matter proceeded to a trial before a magistrate on February 26, 2013, and a decision was issued on September 4, 2013. In that decision, the magistrate granted permission to CJFS to intervene and ordered F.G. to pay child support in the amount of $150.44 per month plus a 2 percent processing fee. F.G. and C.B. each filed objections to the magistrate's decision, and F.G. filed a motion to offset any child support she owed by reducing the support arrears owed by C.B. to her. CJFS filed a brief in opposition to the objections. The trial court set the matter for a hearing on November 14, 2013. On that day, the trial court continued the matter to January 14, 2014. The court issued a corresponding journal entry, dated November 21, 2013, stating: "[t]he Court finds that the parties have a pending matter, under case number SU097108122. The court is looking into having this matter transferred to the docket of the Honorable [Custody Judge]."

**{¶6}** The court then had a hearing on January 14, 2014. We note that there is no record of this proceeding. The trial court, however, filed an App.R. 9(C) Statement of the Proceedings with this court in lieu of a transcript. The following is a summation of the trial court's App.R. 9(C) Statement of the Proceedings for the January 14, 2014 hearing: A hearing was scheduled on January 14, 2014, for Case Number CU98113679, on the merits of the objections filed by both F.G. and C.B. to the magistrate's decision, CJFS's brief in opposition to the objections, and F.G's motion to offset child support. At the hearing, the court outlined the following procedural facts: (1) F.G. was the residential and custodial parent of the child from birth (January 2, 1998) until September 7, 2010, when the court awarded custody to C.B.; (2) there was an established child support order issued against C.B. in Case No. SU09718122, with an outstanding arrearage. A motion to show cause was filed on behalf of CJFS, which remained pending; (3) after the change of custody of the child, CJFS filed a motion to intervene, seeking to establish a child support obligation against F.G.; (4) a trial was conducted before a magistrate on February 26, 2013. The magistrate determined a child support order against F.G. in the amount of $150.44 per month plus a 2 percent processing fee; (5) both parties objected to the magistrate's decision; and (6) the trial court held the magistrate's decision in abeyance until the hearing on January 14, 2014.

**{¶7}** F.G. and C.B. agreed that the court should offset any amounts of current child support owed by F.G. against C.B.'s arrearages. CJFS objected to the offset, arguing that it had two separate child support orders for different time periods, with different obligors that should be fully enforced. CJFS indicated that it had no evidence of the existence of any public monies due to the state of Ohio, and the child support collected under both orders would likely be distributed to the parent. F.G. and C.B. advised the court that they wished to resolve the issues voluntarily.

After a discussion, F.G. and C.B. advised the court that an agreement had been reached as to all outstanding issues. The court accepted the voluntary agreement, which provides for F.G.'s child support obligation from December 27, 2011 to present be reduced to $0. F.G.'s ongoing monthly child support obligation was stayed pending further court order. C.B.'s past child support arrearage in Case No. SU09718122 was reduced to $2,922.36 as of January 14, 2014, and would be repaid at the rate of $50 per month effective April 1, 2014.

{¶8} The trial court asked each parent if the agreement reached "was knowingly and voluntary, and entered into of free will and accord without duress." Both F.G. and C.B. agreed, and stated that the agreement was in the best interest of their minor child. The court determined that "the agreement reached was fair, just and equitable and in the best interest of [the child]."

{¶9} The court found that there was no evidence of any public monies being owed to the state, thereby giving CJFS a specific financial interest in the outcome of the proceedings. The court ordered that the monies paid by C.B. would be first applied to satisfy the arrearages owed to the state. Therefore, the state would not be prejudiced by the modification of the arrearage owed by C.B. prior to the change of custody. The court further found that the agreement did not constitute an offset of the two support orders, "but a modification, which was statutorily justified under the statutory factors set forth in O.R.C. 3121."

{¶10} The court made the following orders, which were entered and made part of the record:

> IT IS THEREFORE ORDERED that per agreement of the Parties, in case number CU 98113679, the Mother/Obligor child support obligation was reduced to Zero ($0) Dollars.
>
> IT IS FURTHER ORDERED that per agreement by the Parties, in case number SU09718122 the Mother/Obligee, agreed to reduce the arrearage to $2,922.36 as

of January 14, 2014 and would be repaid at the rate of $50 per month effective April 1, 2014.

IT IS FURTHER ORDERED in Case Number SU09718122, that any amounts owed to the state of Ohio for benefits received by [F.G.] prior to the date of modification on June 25, 2010, shall be paid by [C.B.] until satisfied in full.

**{¶11}** Then, on January 29, 2014, the date of trial in Case No. SU09718122, the magistrate issued a decision dismissing CSEA's motion to show cause, without prejudice, stating that the "matter was resolved in the related custody case." The trial court adopted the magistrate's decision in a entry journalized on February 18, 2014.

**{¶12}** Thereafter, on February 24, 2014, a judgment entry was journalized in Case No. SU09718122 with the Support Judge listed in the caption, but the entry was signed by the Custody Judge. In this entry, the court found that F.G. and C.B. are in agreement with suspending current child support because the minor child is residing with C.B. The court ordered that F.G.'s monthly child support be suspended and reduced to $0 per month. The court further ordered that C.B. owes F.G. $2,922.36 in arrears and shall repay the arrears at a rate of $50 per month. This sum superseded all prior determinations of arrearages. In Case No. CU98113679, the entry corresponding to the January 14, 2014 hearing was journalized on February 26, 2014. In this entry, the court found that C.B.'s arrearage under Case No. SU09718122 was $15,644.19 and F.G.'s child support obligation from June 2010 until the date of C.G.'s emancipation would be $12,721.83. Both parties agreed to that calculation and that a subsequent offset would be in the child's best interest. The court suspended and modified F.G.'s support obligation to $0 and modified C.B.'s arrearages to $2,922.36.

**{¶13}** CJFS now appeals from the February 18 and February 24, 2014 orders in Case No. SU09718122 and the February 26, 2014 order in Case No. CU98113679, raising the following

four assignments of error for review.

## Assignment of Error One

The trial court erred and abused its discretion by purporting to resolve a contempt matter that was neither assigned to the jurist nor scheduled for hearing before the court on the date the hearing was held.

## Assignment of Error Two

The trial court erred and abused its discretion by modifying a prior support arrearage and repayment order in contravention of Ohio law and in a case that was not a proper subject of the hearing before the court.

## Assignment of Error Three

The trial court erred and abused its discretion by purporting to modify an existing child support order where no final order for payment of child support had yet been entered in the matter and by issuing judgment that conflicts with the record.

## Assignment of Error Four

The trial court erred and abused its discretion by accepting and adopting an agreement of the parties to deviate and/or waive future support payments for the minor child in contravention of Ohio law.

{¶14} In the first assignment of error, CJFS argues that the trial judge presiding over Case No. CU98113679 did not have authority under Sup.R. 4 and 36 to modify the support order in Case No. SU09718122, which is assigned to another juvenile court judge. CJFS contends that since there was no proper transfer of Case No. SU09718122, the Custody Judge did not have authority to preside over the matter. Therefore, the entry in Case No. CU98113679 must be vacated and the entries in Case No. SU09718122 must also be vacated. We agree.

{¶15} Sup.R. 4.01(C) provides that under Sup.R. 36, the presiding judge shall "assign cases to individual judges of the court or division[.]" Under Sup.R. 36, the judge who is assigned a case becomes primarily responsible for the determination of every issue and proceeding in the case until its termination. This individual assignment system ensures: "(a)

[j]udicial accountability for the processing of individual cases [and] (b) [t]imely processing of cases through prompt judicial control over cases and the pace of litigation[.]" *Id.* We note, however, that under the Rules of Superintendence, a case may be reassigned, but the reassignment of any case must be accompanied by a journal entry from the administrative judge that states a justifiable reason for transferring the case to another judge.[2] "Absent such an entry, the judge assuming to act has no authority and his rulings are voidable on timely objection by any party." *Berger v. Berger*, 3 Ohio App.3d 125, 130, 443 N.E.2d 1375 (8th Dist.1981).

{¶16} In the instant case, a review of the journal entries in Case Nos. CU98113679 and SU09718122 clearly indicate procedural flaws. While there was an entry in CU98113679 stating that the court is "looking into having [Case No. SU09718122] transferred to the Docket of the Honorable [Custody Judge]," there is no evidence in the record that any formal action was ever taken to effectuate the transfer. Subsequently, the journal entries modifying C.B.'s child support order were signed by a judge who was not properly assigned to Case No. SU09718122.

{¶17} Because there is nothing in the record in either case to indicate that the judge who modified C.B.'s child support order was the judge who properly succeeded the judge assigned in Case No. SU09718122, the judge in Case No. CU98113679 had no authority to do so, and the order had no effect. While we appreciate the Custody Judge's willingness to allow the parties to resolve the matter voluntarily and in the interest of judicial economy, we are constrained under the Rules of Superintendence to vacate the February 18 and February 24, 2014 entries in Case

---

[2] In *Brickman & Sons, Inc. v. Natl. City Bank*, 106 Ohio St.3d 30, 2005-Ohio-3559, 830 N.E.2d 1151, the Supreme Court of Ohio overruled *Berger* to the extent that it held the administrative judge had to give a justifiable reason to transfer the case.

No. SU09718122 and the February 26, 2014 entry in Case No. CU98113679, and remand both matters to juvenile court.

**{¶18}** Therefore, the first assignment of error is sustained.

**{¶19}** In the second, third, and fourth assignments of error, CJFS challenges the propriety of the modification of C.B.'s child support order. However, based on our disposition of the first assignment of error, we overruled these assigned error as moot. App.R. 12.

**{¶20}** Judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. The February 18 and February 24, 2014 journal entries in Case No. SU09718122 and the February 26, 2014 journal entry in Case No. CU98113679 are vacated.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court — Juvenile Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR