O'Connor, C.J.
*1232 {¶ 1} Plaintiff, Derek J. Myers, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2701.031 seeking to disqualify attorney David V. Kiger from presiding as an acting judge over any proceedings in the above-referenced small-claims case.
{¶ 2} Mr. Myers avers that Judge Victor D. Pontious Jr., the judge of the Washington Court House Municipal Court, recused himself from all cases involving Mr. Myers "as a result of allegations made by [Mr. Myers] of alleged misconduct by Judge Pontious." The clerk of the municipal court thereafter appointed Mr. Kiger to serve as an acting judge in this proceeding. Mr. Myers objects to the appointment because Acting Judge Kiger also prosecutes misdemeanor offenses and otherwise practices law in the same municipal court.
{¶ 3} Acting Judge Kiger has responded in writing to the affidavit. He denies any bias against Mr. Myers and requests that the affidavit be denied.
{¶ 4} For the reasons explained below, Acting Judge Kiger must be disqualified to avoid any appearance of impropriety.
{¶ 5} R.C. 1901.121(A)(1) provides that if a judge of a single-judge municipal court "is incapacitated or unavailable due to disqualification, suspension, or recusal, the chief justice of the supreme court may assign a sitting judge of another court of record or a retired judge * * * to temporarily serve on the court." R.C. 1901.121(A)(2) provides that if a judge of a single-judge municipal court "is otherwise temporarily absent for a reason other than as specified in division (A)(1) of this section," the judge may either appoint an "acting judge" or request the chief justice to assign a sitting or retired judge. Thus, when a judge of a single-judge municipal court is disqualified or has recused, the judge must request the chief justice to assign a visiting judge to the case; the judge may not appoint an acting judge.
*1233 {¶ 6} This statute reflects the general principle that a disqualified or recused judge ordinarily should not select his or *961 her successor. See Supreme Court of Ohio, Guidelines for Assignment of Judges , Section 2.5, https://www.sc.ohio.gov/JCS/judicialAssignment/judgeAssignGuide.pdf (accessed Feb. 1, 2019) ("if the administrative judge has recused from a case, the administrative judge may not request a specific judge to be assigned to that case"); Flamm, Judicial Disqualification , Section 22.4, at 653 (2d Ed.2007) ("proper procedure ordinarily requires that a judge should not attempt to intervene in the selection of his successor-much less assign the case to another judge" [footnote omitted] ); Beckord v. Dist. Court of Larimer Cty. in Eighth Judicial Dist. , 698 P.2d 1323, 1329 (Colo.1985), fn. 7 ("It would be incongruous to permit a disqualified judge to pick his or her successor to decide the case"); Ex Parte Jim Walter Homes, Inc. , 776 So.2d 76, 80 (Ala.2000) ("in order to avoid the appearance of impropriety, we hold that after a judge presiding in a particular case has been disqualified * * * either voluntarily or by objection, he or she can take no further action in that case, not even the action of reassigning the case").
{¶ 7} Here, Mr. Myers avers that because Judge Pontious recused himself from all cases involving Mr. Myers, the clerk of the municipal court appointed Acting Judge Kiger to the underlying case. In his response to the affidavit, Acting Judge Kiger did not address or otherwise refute this allegation. Based on this record, R.C. 1901.121(A) required the chief justice-not the local clerk of court-to reassign a judge to this matter.
{¶ 8} Judicial assignments "must be free from the appearance of impropriety." Brickman & Sons, Inc. v. Natl. City Bank , 106 Ohio St.3d 30, 2005-Ohio-3559, 830 N.E.2d 1151, ¶ 21. Accordingly, to avoid any such appearance of impropriety, the affidavit of disqualification is granted. The assignment of a visiting judge to hear the underlying case will be addressed in a separate entry.